975 So.2d 723 (2008)
Jerri Linda TOMPKINS, Plaintiff-Respondent,
v.
Gregory W. BRYAN, D.P.M., Defendant-Applicant.
No. 42,874-CW.
Court of Appeal of Louisiana, Second Circuit.
February 6, 2008.
Rehearing Denied March 13, 2008.
*724 Ungarino & Eckert L.L.C. by Brian David Smith, Shreveport, Jason Michael Nash, Rhonda J. Thomas, Baton Rouge, for Defendant-Applicant.
Spencer Hays II, for Plaintiff-Respondent.
Before DREW, MOORE and LOLLEY, JJ.
DREW, J.
Defendant, Gregory W. Bryan, DPM, filed a supervisory writ with this court seeking review of the trial court's ruling which granted in part and denied in part a motion for summary judgment filed by Dr. Bryan. Finding that the trial court erred in failing to grant Dr. Bryan's motion for summary judgment in its entirety, we grant the writ and make it peremptory.

FACTS
Dr. Bryan performed three foot surgeries on Jerri Tompkins in 1994-1995, one bunion surgery on each foot, then another procedure on her left foot when the initial result was undesirable. This subsequent surgery also produced a result unsatisfactory to Tompkins, and she filed a complaint with the Patients' Compensation Fund on October 25, 1995. A medical review panel was convened, but it expired without rendering a decision, and Tompkins filed a petition for damages in district court on May 30, 2002.
In her complaint, Tompkins alleged that Dr. Bryan was negligent and that she was not informed of the possible consequences of the surgeries prior to giving her consent. She also claimed that her use of crutches, made necessary by the foot surgeries, caused back strain, which necessitated surgery on her lower back.
Dr. Bryan filed a motion for summary judgment on March 5, 2007, urging that Tompkins was unable to prove that his actions deviated from the applicable standard of care, and that Tompkins gave informed consent to him for both the first and second surgeries. Attached to the motion were the depositions of Tompkins, Dr. Bryan, Dr. James Lillich, and Dr. Austin Gleason, as well as an affidavit executed by Dr. Robert Taylor. The hearing on the motion, originally set for April 30, 2007, was continued until June 25, 2007, at Tompkins' request.
On June 20, 2007, Tompkins filed an opposition to the motion for summary judgment asserting that Dr. Bryan did not obtain written consent for any of the surgeries, and that there was no evidence that he explained the risks or hazards of each surgery such that a reasonable person could have been influenced in making a decision to give or withhold consent to surgery. Tompkins attached to her opposition Dr. Bryan's treatment record, her own affidavit, a photograph of her feet, and a "report" from a Dr. David R. Basch of Pontiac, Michigan.
At the hearing on the motion on June 25, 2007, the trial court first considered Dr. Bryan's objection to Tompkins' opposition to summary judgment as untimely. The trial court, however, stated that he allowed the opposition to be filed because Tompkins' counsel had previously contacted the judge's office and this was not a case "of coming up at the last minute and walking in with a new affidavit or something *725 the day of the hearing." In response to Dr. Bryan's argument that the deadline under La. C.C.P. art. 966 is mandatory, the trial court agreed, "unless a continuance is requested." The court further noted that it viewed the instant matter not as a late filing but as a request for a continuance.
Dr. Bryan's attorney next took issue with the form of Dr. Basch's report, and, without objection from Tompkins' counsel, the trial court struck this attachment in its entirety from the opposition. Dr. Bryan then argued that Tompkins would be unable to bear her burden of proof that a breach of the standard of care had occurred without an expert, and that her own affidavit was insufficient to this end. Argument on the issue of informed consent followed, and the trial court granted summary judgment in favor of Dr. Bryan except as to Tompkins' informed consent claim, finding that summary judgment was inappropriate as to that claim only.

DISCUSSION
Pretermitting any discussion of the correctness of the trial court's consideration of the late-filed opposition, we examine whether the trial court erred in denying Dr. Bryan's motion for summary judgment in part.
Dr. Bryan was successful in having Dr. Basch's letter stricken from the opposition based upon the fact that it was not in proper affidavit form as required by La. C.C.P. art. 967(A). At that point, Dr. Bryan urged that, in the absence of an expert witness, Tompkins would be unable to bear her applicable burden of proof. The trial court agreed, at least as to Tompkins' medical negligence claim, but, based upon facts asserted in Tompkins' affidavit, found that summary judgment was inappropriate as to her claim that her consent to the surgeries was not informed. With this conclusion, however, we must disagree.
In a medical malpractice action based on inadequate disclosure of risk information by a physician, the patient must provide evidence to establish prima facie the essential elements of the cause of action. Pinnick v. Louisiana State University Medical Center, 30,263 (La.App.2d Cir.2/25/98), 707 So.2d 1050. The plaintiff bears the burden of proving the existence of a material risk unknown to the patient; a failure to disclose the risk on the part of the physician; that disclosure of the risk would have led a reasonable patient in plaintiff's position to reject the medical procedure or choose a different course of treatment; and injury. Id.; Yuska v. HCA Health Services of Louisiana, Inc., 28,878 (La.App.2d Cir.12/11/96), 684 So.2d 1093; Roberts v. Cox, 28,094 (La.App.2d Cir.2/28/96), 669 So.2d 633.
Because the plaintiff bears this burden at trial, Dr. Bryan, to prevail on summary judgment, is not required to negate all essential elements of the plaintiff's claim. Instead, he must simply show an absence of factual support for one or more elements essential to the claim. This defendant has done so, not only as to the medical negligence claim but as to plaintiff's informed consent claim as well.
The determination of materiality is a two-step process. Brandt v. Engle, 00-3416 (La.6/29/01), 791 So.2d 614. While the trial court correctly recognized that expert testimony is not required for the second portion of the materiality inquiry which encompasses whether a person in the plaintiff's position would attach significance to a particular risk, see Hondroulis v. Schuhmacher, 553 So.2d 398 (La.1988); Pinnick, supra; Yuska, supra, expert testimony is required for the first prong of the inquiry, which entails a definition of *726 the existence and nature of the risk and the likelihood of its occurrence. Brandt, supra; Hondroulis, supra; Pinnick, supra. As noted by the supreme court in Brandt, only a physician or other qualified expert is capable of judging what risk exists and the likelihood of occurrence. Without any expert testimony on this issue, Tompkins will not be able to satisfy her evidentiary burden at trial. As such, Dr. Bryan is entitled to summary judgment on this claim, and the trial court erred in finding otherwise.

CONCLUSION
For the reasons set forth above, we grant the writ and make it peremptory. The motion for summary judgment is granted in its entirety. Costs are to be borne in equal proportion by the parties.
WRIT GRANTED; SUMMARY JUDGMENT GRANTED.
APPLICATION FOR REHEARING
Before GASKINS, CARAWAY, DREW, MOORE and LOLLEY, JJ.
Rehearing denied.